# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN MARSHALL,                )
                              )    2:06-CV-0536-RCJ-GWF
         Plaintiffs,          )
                              )
    vs.                       )    **ORDER**
                              )
JAMES A. GRAVITT, *et al.*,   )
                              )
         Defendants.          )
_____)

This matter comes before the Court on Defendant Dawn Reeps's Motion to Dismiss Amended Complaint. (#180.) The Court has considered the Motion, the pleadings on file, and oral arguments on behalf of the parties and issues the following Order.

## BACKGROUND

Plaintiff's ex-wife, Ellen, enrolled their son in the Swift River Academy, "a private college preparatory therapeutic boarding school." This controversy arises because Plaintiff was charged on his credit report with unpaid Swift River bills in excess of $30,000, for which Plaintiff claimed no responsibility. On May 1, 2006, Plaintiff filed his lengthy Complaint (#1) with this Court (Judge Hunt), alleging forty-seven claims for relief against over a dozen defendants in relation to the problems in his credit report. Although Plaintiff's Complaint lacked clarity, he basically alleged that the non-reporting agency defendants in this action incorrectly reported information to the various credit reporting agencies. Plaintiff further alleged that the actual reporting agencies themselves failed to comply with the Fair Credit

1 Reporting Act ("FCRA"), and that Reeps, a Trans Union employee, is liable for her actions

2 while working at Trans Union. This Court then dismissed several claims against some

3 defendants. On January 19, 2007, this Court later issued an order granting in part Defendant

4 Reeps's Motion for Judgment on the Pleadings. Specifically, the Court granted Reeps's

5 Motion with leave to amend as to counts seven through twelve. Plaintiff later filed his

6 Amended Complaint as ordered by this Court. Although Plaintiff filed his Amended

7 Complaint pursuant to this Court's order, he has now also filed a Motion for Leave to Amend

8 pursuant to Rule 15.

## DISCUSSION

### I.    Defendant Reeps's Motion to Dismiss

On January 18, 2007, the Court issued an order granting Defendant Reeps's Motion for Judgment on the Pleadings. The Court dismissed Plaintiff's FCRA claims against Reeps (Counts 7-8) because Plaintiff failed to allege that Reeps fell within one of the three categories of Defendants that the Ninth Circuit has held may be sued under the FCRA. The Court dismissed these claims with leave to amend. The Court also dismissed with prejudice some of Plaintiff's FCRA claims that could not be brought as a private cause of action. The Court also dismissed Plaintiff's Nevada consumer reporting claims patterned after the FCRA (Counts 9-10) for the same reasons as the FCRA claims. Finally, the Court dismissed Plaintiff's claims for libel.

### A.    Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted." Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that would

Page 2 of  8

entitle the plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Although courts assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss under Rule 12(b)(6). *In re Stac Elecs.*, 89 F.3d at 1403. If either party submits materials outside of the pleadings in support or in opposition to the motion to dismiss, and the district court relies on these materials, the motion may be treated as one for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

**B.     Counts Seven & Eight–Plaintiff's FCRA Claims**

Plaintiff claims Defendant Reeps is subject to civil liability pursuant to 15 U.S.C. §§ 1681n-1681o. 15 U.S.C. §§ 1681n and 1681o create civil liability for willful and negligent noncompliance, respectively, by a consumer reporting agency, user, or furnisher of information who fails to comply with the provisions of the FCRA. 15 U.S.C. §§ 1681n-1681o; *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978). 15 U.S.C. §§ 1681n and 1681o were amended in 1996 such that civil liability for noncompliance with the FCRA applies to "any person" who fails to comply with the

requirements of the FCRA. *Nelson*, 282 F.3d at 1060.  However, the Ninth Circuit has explained and held that this amendment, and the language "any person" in the FCRA, only expanded the class of defendants subject to civil liability under the FCRA to include three potential defendants: (1) furnishers of credit information; (2) consumer reporting agencies; and (3) users of information. *Id.* at 1060.  According to the Ninth Circuit, the words "any person" only include the above three potential defendants because "there are involved in any credit transaction only the consumer, the [credit reporting agencies], the user of the credit reports and the furnishers of the credit information." *Id.*  Thus, in order to state a valid claim under the FCRA, a plaintiff must allege the defendant is within the three classes of defendants subject to FCRA liability. *Id.*

In his Amended Complaint, Plaintiff correctly alleges that Reeps is a person as defined under § 1681a(b).  However, Reeps must also be a person as defined under § 1681a(b) who is either (1) a furnisher of credit information, (2) a credit reporting agency, or (3) a user of credit information. *Id.*  Plaintiff has failed to so allege.

First, the term "consumer reporting agency" means:

> . . . any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

§ 1681a(f).  Plaintiff does not allege that Reeps is a consumer reporting agency.  He does allege that Trans Union, Reeps's employer, is a credit reporting agency, but he only alleges that Reeps is an employee or an agent of Trans Union.  In his Opposition, Plaintiff alleges that Reeps is a person and that a credit reporting agency is any person.  Thus, he implies that

1  Reeps satisfies the credit reporting agency definition.  However, Plaintiff fails to cite the
2  remaining portion of the credit reporting agency definition—"any person which, for monetary
3  fees . . . ."  Plaintiff further clarifies his allegation as to Reeps in his Opposition: "Defendant
4  Reeps is a person working for a consumer reporting agency . . . ." (#191 at 10.)  Thus,
5  Plaintiff clearly alleges that Reeps is not a credit reporting agency, but rather an employee of
6  one.  Ninth Circuit precedent has not equated an employee of a credit reporting agency with
7  the agency itself.  The only case directly addressing this issue is a California appellate court
8  case interpreting the California version of this statute, which is patterned after the FCRA and
9  has the identical definition of credit reporting agency.  The California court held that a credit
10 reporting agency employee is not a credit reporting agency when there is "no evidence that
11 fees were paid to him personally as opposed to the corporation." *Cisneros v. U.D. Registry,*
12 *Inc.*, 46 Cal. Rptr. 2d 233, 255 (Cal. Ct. App. 1995).  Neither Plaintiff nor Defendants
13 provide any argument why the Court should find otherwise.  Reeps, as an employee, collected
14 no fees.  Thus, although Plaintiff correctly argues that Trans Union has potential liability
15 based on Reeps's actions, he has not alleged Reeps is a credit reporting agency.

16        Second, the term "furnisher of credit information" means one who provides credit
17 information to consumer reporting agencies.  *Nelson*, 282 F.3d at 1059-60.  A furnisher is
18 liable under the FCRA only if it does not respond to a formal notice of consumer dispute
19 from a consumer reporting agency.  15 U.S.C. § 1681s-2; 15 U.S.C. § 1681i(a)(2); *Nelson*,
20 282 F.3d at 1060 (holding that Congress set up 15 U.S.C. § 1681s-2(b) as a "filtering
21 mechanism" wherein a disputatious consumer notifies a consumer reporting agency which in
22 turns notifies the furnisher, and only a nonresponsive furnisher may be privately sued).
23 Plaintiff has not alleged that Reeps is a "furnisher" of credit information.

1  Finally, Plaintiff fails to allege that Reeps was a user of information in either his Amended Complaint or Opposition.  While some federal courts have held that employees of credit reporting agencies may be "users" when that employee is the ultimate destination of the credit report, *see, e.g., Yohay v. Alexandria Employees Credit Union*, 827 F.2d 967 (4th Cir. 1987), Plaintiff has failed to so allege in this instance.  Accordingly, Plaintiff fails to allege Defendant Reeps is a credit reporting agency, furnisher, or user of information.

### 1.  No Agency Liability as to Reeps

As noted above, Plaintiff correctly states that an employer may be held liable under the FCRA for an employee's actions.  However, Plaintiff also argues that Reeps, as an agent, is liable even though she is not a reporting agency, user, or furnisher.

When agency principles are applied to the FCRA, federal courts favor application of the general common law of agency rather than the law of any particular state.  *See Ashby v. Farmers Group, Inc.* 261 F. Supp. 2d 1213, 1222 (D. Or. 2003); *see also Kodrick v. Ferguson*, 54 F. Supp. 2d 788, 794 (N.D. Ill. 1999) (noting that the legislative history of the 1996 amendments to FCRA "indicate[] that Congress did not intend that we establish differing rules for subscribers based on the agency law in each forum.").  Federal courts in the Ninth Circuit have adopted the *Restatement of Agency* as the basis for federal common law.  *Ashby*, 261 F. Supp. 2d at 1222 (citation omitted).

Plaintiff and Trans Union entered into a contract.  Reeps was Trans Union's employee or agent.  Under the agency law as adopted by the Ninth Circuit, for purposes of FCRA liability, an agent is not liable when she acts for a disclosed principal.  *Id.* at 1222-23.  The parties do not dispute that Reeps was acting for a disclosed principal–Trans Union.  Accordingly, Reeps is not be liable for actions she took as Trans Union's agent.  *Id.*

Plaintiff has again failed to allege that Defendant Reeps qualifies as one of the three potential defendants as required by the Ninth Circuit. Further, Plaintiff fails to demonstrate that he may hold Reeps liable as Trans Union's agent. The Court has permitted Plaintiff to amend his Complaint more than once, and any further amendments would be futile. Thus, the Court dismisses with prejudice Counts seven and eight as they relate to Defendant Reeps.

### C. Counts Nine & Ten–Nevada Consumer Reporting Act Violations

In counts nine and ten to his Complaint, Plaintiff accuses Reeps of violating the Nevada Consumer Reporting Act ("NCRA"). Specifically, Plaintiff alleges that the credit reporting agency defendants violated §§ 598C.160(1) and 598C.200. The NCRA's plain language clearly states that these two sections under which Plaintiff alleges liability apply to "Reporting Agencies" or users. Nev. Rev. Stat. Ann. §§ 598C.160(1), 598C.200. The NCRA defines Reporting Agency as any "person who, for fees, dues or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating information regarding the credit of or other information regarding consumers to furnish consumer reports to third parties, regardless of the means or facility of commerce used to prepare or furnish the consumer reports." § 598C.100. Thus, the definition is virtually identical to the FCRA discussed above. Plaintiff does not allege that Reeps is a "Reporting Agency;" rather, Plaintiff alleges that Reeps is a reporting agency "employee." As analyzed above, under applicable agency theory law, Plaintiff may sue Trans Union for Reeps's actions, but he cannot sue Reeps as Trans Union's agent. Accordingly, the Court dismisses with prejudice these claims as they relate to Defendant Reeps.

### D.     Counts Eleven & Twelve–Libel and Libel Per Se

Plaintiff also argues that Reeps committed libel by violating the FCRA statutory requirements. The FCRA allows a plaintiff to bring a related libel claim if the plaintiff demonstrates the defendant violated the FCRA. *See* 15 U.S.C. § 1681h(e). Because Plaintiffs' FCRA claims against Reeps fail as a matter of law, his claims for libel based on Reeps's alleged statutory violations also fail. *See id.* Therefore, the Court dismisses with prejudice Plaintiff's claims for libel and libel per se.

### CONCLUSION

Pursuant to the above analysis, IT IS HEREBY ORDERED that Defendant Reeps's Motion to Dismiss (#180) Plaintiff's Amended Complaint is *granted* and the Court dismisses with prejudice Plaintiff's claims against Defendant Reeps.

DATED:     June 18, 2007

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE